**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**May 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRAYON L. WILLIAMS,

    Defendant - Appellant.

No. 22-3008
(D.C. No. 6:21-CR-10004-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Trayon L. Williams pleaded guilty to possessing a firearm as a felon.  *See*

18 U.S.C. § 922(g)(1).  He has appealed even though his plea agreement included a

waiver of his appellate rights.  The government moves to enforce Mr. Williams's

appeal waiver and to dismiss this appeal under *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam).  In response, Mr. Williams's attorney moves

to withdraw, asserting that it would be frivolous to oppose the government's motion.

*See Anders v. California*, 386 U.S. 738, 744 (1967).  We invited Mr. Williams to

respond himself.  The response deadline has passed, and we have not received

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

anything from him.  After examining the proceedings ourselves, *see id.*, we enforce the appeal waiver.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the scope" of the waiver; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice."  *Hahn*, 359 F.3d at 1325.

Mr. Williams's docketing statement says that he intends to argue on appeal that he did not enter his guilty plea knowingly and voluntarily.[1]  That argument falls within the scope of his waiver of the right to appeal "any matter in connection with . . . his conviction."  R. Vol. 1 at 26.

Still, "if the defendant did not voluntarily enter into the agreement, the appellate waiver subsumed in the agreement also cannot stand."  *United States v. Rollings*, 751 F.3d 1183, 1189 (10th Cir. 2014).  The defendant has the burden to show that a waiver was not knowing and voluntary.  *United States v. Tanner*, 721 F.3d 1231, 1233 (10th Cir. 2013) (per curiam).  To assess whether a waiver was knowing and voluntary, we typically focus on two factors:  "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily" and whether the district court conducted "an adequate Federal Rule of Criminal Procedure 11 colloquy."  *Hahn*, 359 F.3d at 1325.  "[E]ither the express

---

[1] In her response to the government's motion to enforce the appeal waiver, defense counsel likewise says that Mr. Williams "takes issue with the voluntariness of his plea."  Resp. at 11.

language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary. But the synergistic effect of both will often be conclusive." *Tanner*, 721 F.3d at 1234.

Mr. Williams asserted in his plea agreement that he "knowingly and voluntarily" waived his right to appeal, R. Vol. 1 at 26, that the plea agreement was "not the result of any threats, duress or coercion," *id.* at 28, and that he entered his guilty plea "freely, voluntarily, and knowingly," *id.* During the plea colloquy, Mr. Williams said that he understood that he gave up the right to challenge his conviction on appeal, that he entered his plea freely and voluntarily, and that no one had forced or threatened him in any way to get him to plead guilty. Based on these statements, the district court found that Mr. Williams made his plea freely and voluntarily with a full understanding of the consequences. This strong evidence that Mr. Williams knowingly and voluntarily entered his plea and waived his right to appeal is not overcome by his claim at sentencing that he had been "manipulated" into accepting the plea agreement, R. Vol. 3 at 14. *See Tanner*, 721 F.3d at 1233 ("A properly conducted plea colloquy, particularly one containing express findings, will, in most cases, be conclusive on the waiver issue, in spite of a defendant's post hoc assertions to the contrary."). So we conclude that he knowingly and voluntarily waived his right to appeal.

And our examination of the proceedings has not given us any reason to think that enforcing the waiver would result in a miscarriage of justice, as *Hahn* defines that phrase. *See* 359 F.3d at 1327.

We grant defense counsel's motion to withdraw, grant the government's motion to enforce the appeal waiver, and dismiss this appeal.

Entered for the Court
Per Curiam
